1
2
3
4
5
6
7

8            UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TARILYN TRACEY ELLIOTT                    Case No.  2:21-cv-01202-JDP (SS)

12            Plaintiff,                        ORDER GRANTING PLAINTIFF'S MOTION
                                                FOR SUMMARY JUDGMENT AND
13       v.                                     DENYING THE COMMISSIONER'S CROSS-
                                                MOTION FOR SUMMARY JUDGMENT
14   KILOLO KIJAKZI, Acting Commissioner
     of Social Security,                        ECF Nos. 10 & 16
15
              Defendant.
16

17          Plaintiff challenges the final decision of the Commissioner of Social Security

18   ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title

19   II of the Social Security Act.  Both parties have moved for summary judgment.  ECF Nos. 10 &

20   16.  The court grants plaintiff's motion for summary judgment, denies the Commissioner's

21   motion, and remands this matter for further administrative proceedings.

22                              **Standard of Review**

23          An Administrative Law Judge's ("ALJ") decision denying an application for disability

24   benefits will be upheld if it is supported by substantial evidence in the record and if the correct

25   legal standards were applied.  *Stout v. Comm'r, Soc. Sec. Admin*., 454 F.3d 1050, 1052 (9th Cir.

26   2006).  "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it

27   is such relevant evidence as a reasonable person might accept as adequate to support a

28   conclusion."  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

1

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

Plaintiff filed her third application for SSI under Title II, alleging disability beginning September 7, 2017. Administrative Record ("AR") 3231-32. After her application was denied initially and upon reconsideration, plaintiff appeared and testified at a hearing before an ALJ. AR 3169, 3186, & 54-87. On October 23, 2020, the ALJ issued a decision finding plaintiff not disabled. AR 35-53. Specifically, the ALJ found:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2022.

2. The claimant has not engaged in substantial gainful activity since the alleged onset date of September 7, 2017.

3. The claimant has the following severe impairments: PTSD,

2

anxiety, depressive disorder, and alcohol use disorder in reported remission.

* * *

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

* * *

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: understand simple repetitive tasks; concentration, persistence and pace for simple repetitive tasks not at a production rate pace or other fasted pace environment but capable of meeting end of day goals; adapt to occasional simple changes with simple decisions; and occasional interactions with the public, coworker and supervisors.

* * *

6. The claimant is unable to perform any past relevant work.

7. The claimant was born on April 19, 1962 and was 55 years old, which is defined as an individual of advanced age, on the alleged onset date of September 7, 2017.

8. The claimant has at least a high school education.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

* * *

11. The claimant has not been under a disability, as defined in the Social Security Act, from September 7, 2017, through the date of this decision.

1    AR 35-50 (citations to the code of regulations omitted).

2         Plaintiff requested review by the Appeals Council, which denied the request.  She now

3    seeks judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3).

4                                            **Analysis**

5         Plaintiff advances five primary arguments.  First, she argues that the ALJ erred by

6    discounting her subjective symptom testimony.  ECF No. 10 at 11-17.  Second, she argues that

7    the ALJ misapplied the agency's policy for evaluating the effects of drug addiction and

8    alcoholism.  *Id.* at 17-18.  In her third, fourth, and fifth arguments, she contends that it was error

9    to discount the opinions of, respectively, two state agency psychiatrists, a consultative

10   psychologist, and her sister.  *Id.* at 18-26.  I agree with plaintiff's second argument—that the ALJ

11   committed reversable error in taking the "exacerbating effects" of her alcohol use disorder into

12   consideration before proceeding through the five-step analysis.  Because this error requires

13   remand for further administrative proceedings, I decline to address plaintiff's remaining

14   arguments.

15        At step two of the sequential evaluation, the ALJ found that plaintiff's severe impairments

16   included "PTSD, anxiety, depressive disorder, and alcohol use disorder in reported remission."

17   AR 40.  After finding at step three that plaintiff did not meet or equal any of the listed disabling

18   impairments, the ALJ found that she had the RFC to perform a full range of work at all exertional

19   levels, but with several nonexertional limitations affecting her pace and interactions with others.

20   AR 42-49.  In making this determination, the ALJ found that plaintiff's "medically determinable

21   impairments could reasonably be expected to cause the alleged symptoms"; however, he then

22   discounted plaintiff's testimony "concerning the intensity, persistence and limiting effects of [her]

23   symptoms" as "not entirely consistent with the medical evidence and other evidence."  AR 43.

24        In support of this conclusion, the ALJ offered a detailed review of issues relating both to

25   plaintiff's alcohol use and to her mental impairments, repeatedly citing her alcohol use as a

26   reason to discount her testimony.  AR 42-49.  For instance, on several occasions, the ALJ

27   contrasted her allegations regarding her depression and PTSD symptoms with reports of her

28   alcohol use disorder.  *See, e.g.*, AR 46 ("[T]he claimant reported her PTSD was triggered by her

                                                4

1  son contact [sic] his father and getting a response because in 05/2015, he severely beat her and

2  left her for dead resulting in his incarceration but she was not taking her medications daily, and

3  has a history of alcohol use . . . ."); AR 44 ("[T]he claimant reported she was experiencing

4  symptoms of depression and anxiety but reported frequent alcohol consumption with about ½ pint

5  of vodka a day . . . ; the record noted she was informed about the impact of alcohol/cigarette use

6  on her mood and sleep.").  After several pages of similar recitations, the ALJ concluded:

> [Plaintiff's] account of the severity of symptoms, as well as her
> mental allegations regarding functional limitations, are not fully
> consistent for the following reasons: the overall mental health
> records have shown the claimant's alleged mental impairments
> were complicated and exacerbated by her alcohol use/abuse but
> with sobriety from alcohol use, psychotropic medication
> compliance, attendance in two PHP in 2018, and Kaiser psychiatric
> DDOPI groups and therapy sessions have shown that her mental
> health impairments and symptoms have been stable without
> worsening.

13  AR 48.

14     It is reversable "error for an ALJ to determine that a claimant's mental impairments are

15  'the product and consequence of his alcohol abuse' prior to making a determination that the

16  claimant is disabled under the five-step inquiry." *Bustamante v. Massanari*, 262 F.3d 949, 954-

17  55 (9th Cir. 2001) (quoting 20 C.F.R. § 416.935).  "If, and only if, the ALJ found that [plaintiff]

18  was disabled under the five-step inquiry, should the ALJ have evaluated whether [he] would still

19  be disabled if he stopped using alcohol."  *Id.* at 955.

20     Here, the ALJ repeatedly relied on plaintiff's alcohol use to discount her allegations about

21  the severity and consistency of her symptoms and to find that she was not disabled.  The

22  Commissioner contends that because the ALJ "did not find claimant disabled, even when

23  considering the effects of her alcohol use . . . [, he] had no obligation to determine how plaintiff

24  would function without alcohol use."  ECF No. 16 at 16.  However, beyond noting that the ALJ

25  found that one of plaintiff's severe impairments was "alcohol use disorder in reported remission,"

26  the Commissioner fails to support the argument that the ALJ considered the entirety of plaintiff's

27  symptoms—without discounting for the complicating and exacerbating effects of alcohol use—in

28

1    assessing plaintiff's RFC.  *See id.* (citing AR 48 & 50, without elaboration).  The only relevant

2    statement at AR 50 is the final decision that plaintiff is not disabled, and as noted above, the

3    ALJ's relevant finding at AR 48 treats plaintiff's alcohol use disorder as a reason to discount her

4    "account of the severity of symptoms as well as her mental allegations regarding functional

5    limitations."  AR 48.

6           Because the ALJ did not first assess disability based on all impairments, he erred in

7    finding that plaintiff's substance use was responsible for her reported symptoms.  *See*

8    *Bustamante*, 262 F.3d at 955 (remanding for failure to find disability before conducting a "drug

9    abuse analysis"); *see Brock v. Berryhill*, 707 F. App'x. 459 (9th Cir. 2017) ("[T]he ALJ erred by

10   failing first to consider whether [the claimant] was disabled by the combination of his

11   impairments of bipolar disorder and alcohol addiction before finding that his bipolar disorder

12   standing alone was not disabling."); *Monan v. Astrue*, 377 F. App'x. 629 (9th Cir. 2010) (similar).

13          This error is not harmless "because we cannot say that [it was] inconsequential to the

14   ALJ's finding" that plaintiff's mental impairments alone were not disabling.  *Brock*, 707 F. App'x

15   at 461.  Accordingly, remand is required to allow for a proper evaluation of plaintiff's

16   impairments.  *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may

17   reverse the decision of the Commissioner of Social Security, with or without remanding the case

18   for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for

19   additional investigation or explanation.") (internal quotes and citations omitted).

20          Accordingly, it is hereby ORDERED that:

21          1.  Plaintiff's motion for summary judgment, ECF No. 10, is granted.

22          2.  The Commissioner's cross-motion for summary judgment, ECF No. 16, is denied.

23          3.  The matter is remanded for further proceedings.

24          4.  The Clerk of Court is directed to enter judgment in plaintiff's favor.

25

26

27

28

IT IS SO ORDERED.

Dated:    November 7, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE